IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELICEIO MONTEJO,                          )
                                          )
          Plaintiff,                      )
                                          )
    v.                                    )          Case No. 3:12-cv-76-JPG
                                          )
S.A. GODINEZ, M. ATCHISON, J. COWAN,      )
and S. BENTON,                            )
                                          )
          Defendants.                     )
                                          )

MEMORANDUM AND ORDER

GILBERT, District Judge:

        Plaintiff, currently incarcerated at Menard Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Godinez, Atchison, Cowan, and Benton violated his constitutional rights by denying his requests to be placed in protective custody. Plaintiff alleges that as a sex offender he is at risk of harm from other inmates if placed in the general population. Plaintiff claims that he informed each defendant, by letter or by grievance, of threats against him and of the danger he faced from other inmates unless he was placed in protective custody. Yet, his requests for placement in protective custody were denied. Plaintiff does not state that any assault actually occurred.

        As best the Court can determine, Plaintiff claims that he was denied placement in protective custody in retaliation for his status as a sex offender. He claims defendants are attempting to "circumvent the court's authority and punish plaintiff a second time by having him beaten or killed in retaliation for his criminal charges that brought him into prison" (Doc. 1, p. 5). He seeks damages and injunctive relief.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.   Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has not articulated a colorable constitutional violation.

Plaintiff's claim most closely resembles a claim of denial of equal protection under the Fourteenth Amendment.   He claims that due to his status as a sex offender, Defendants have intentionally exposed him to a risk of harm.   Sex offenders are not a protected class under the Fourteenth Amendment.

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'"   *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action.   A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation.   Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences.   It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).   Plaintiff has not alleged the type of purposeful and intentional discrimination required to state an equal protection claim.

Furthermore, Plaintiff has not made out a claim that prison officials failed to protect him from harm at the hands of other prisoners.   Plaintiff has not claimed that he was assaulted as a result of his removal from protective custody.   As such, damages are not available to him under a

failure-to-protect theory. *See Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996) ("[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.").   Nor is injunctive relief available to Plaintiff.   Such relief is available only upon a demonstration of future injury.   Plaintiff's claim that if he is not kept in protective custody he might be subject to a risk of harm is too speculative. Plaintiff has not alleged any past harm he has suffered at the hands of Defendants, and he cannot claim with any certainty that he will be harmed if he is released to the general population. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (threat of harm must be "sufficiently real and immediate" to confer standing).

As such, Plaintiff's complaint fails to state a claim upon which relief may be granted.   It is therefore subject to dismissal under 28 U.S.C. § 1915A(b)(1).

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice.   Defendants Godinez, Atchison, Cowan, and Benton are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).   Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.   *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).   The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 14, 2012**

*J. Phil Gilbert*
J. PHIL GILBERT
United States District Judge

4